**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TSYDEA MCDAVID, Plaintiff** | § | |
| | § | |
| **VS.** | § | **CASE NO. 4:21-CV-00993** |
| | § | |
| **HOUSTON INDEPENDENT SCHOOL DISTRICT, Defendant** | § | |
| | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW, Plaintiff, Tsydea McDavid, in opposition of Defendant Houston Independent School District's ("HISD") motion to dismiss this lawsuit and requests that the Court deny Defendant's motion to dismiss and in support shows as follows:

## INTRODUCTION

This case is based on a grading dispute that remains unresolved by Defendant. Plaintiff is seeking extraordinary relief for the removal and substitution of grades that were erroneously duplicated and inappropriately calculated and administered to Plaintiff by Defendant. Plaintiff has requested an injunction based on complaints supported by factual allegations. Furthermore, as supported below, jurisdiction is proper in this Court.

## LEGAL STANDARDS

### I. Plaintiff's Application for Injunctive Relief

A party seeking a preliminary injunction must establish: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued,

(3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Speaks v. Kruse*, 445 F.3d 396, 399-400 (5th Cir. 2006). Plaintiff has met the requirements for their request for relief.

**II. Rule 12(b)(1): Lack of Subject Matter Jurisdiction**

Article III of the Constitution states that federal courts possess the authority to hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States…" US Const, Art III, Sec 2. Plaintiff further contends that HISD has violated Section 504 of the Rehabilitation Act and the Americans with Disabilities Act. Violation of this federal statute raises an issue that the Court has the constitutional authority to hear.

**III. Rule 12(b)(6): Failure to State a Claim**

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). To defeat such a motion, a plaintiff need only to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## BACKGROUND FACTS

Plaintiff attended Westbury Christian School during the 2016-2017 school year for which she received high school credit for Algebra I with a grade of "B," Spanish I with a grade of "B," and IPC with a grade of "B."

During the enrollment period at DeBakey, school administrator Jared Thornhill and principal Agnes Perry were made aware of Tsydea's successful completion of three high school courses Algebra I, Spanish I, and IPC at Westbury Christian School. In addition to this

notification, there was verification of successful completion made via telephone call from the Assistant principal Annette Turner at Westbury Christian School. Confirmation of the denotation of high school credits awarded was also confirmed by Assistant principal Turner via email to DeBakey school counselor Virginia Haywood. Emails were dated June 6, 7, 2017, August 21, 2017.

Since Westbury Christian School would not provide evidence of the successful completion of course grades on DeBakey paper, Plaintiff was enrolled in those same duplicate classes (Algebra I, Spanish I and IPC) during her 9th grade year in 2017-2018. This was done despite the fact that DeBakey had both actual notice and constructive notice of Tsydea's completion of the courses.

While this was taking place, Ms. McDavid was tending to legal matters at Westbury Christian School. In mid to late June 2018, the lawsuit was mediated, and Westbury Christian School agreed to release Plaintiff's official school transcript and her report card.

On July 3, 2018, Agnes Perry was provided with Plaintiff's official school transcript from Westbury Christian School providing supporting evidence of the successful completion of all three high school courses - Algebra I, Spanish I, and IPC. Credit for all three courses taken at Westbury Christian School and the additional duplicate courses taken at DeBakey are given as grades on Plaintiff's official high school transcript and calculated into her GPA.

Despite having this knowledge, administrators at DeBakey enrolled her and mandated that she remain in the duplicate courses. By the time the school year ended, and after having received her grades from Westbury Academy, DeBakey, still did nothing to remedy Plaintiff's wasted time in these duplicate courses. Plaintiff now has duplicate grades on her transcript

despite an easy, effortless resolution of the deletion of the erroneous, arbitrary grades from DeBakey.

After a Level I, II, and III hearing, no action was taken to correct Plaintiff' transcript with regard to the Algebra II and Geometry A&B grades.

Plaintiff sought injunctive relief in Harris County, Texas. In response, Defendant moved to have this case heard in federal court. Their motion was subsequently granted.

*504 Complaint*

Plaintiff received a medical diagnosis that qualifies as a disability entitling her to accommodations under Section 504 of the Rehabilitation Act. As a result, Plaintiff was placed on a 504-plan specified for her needs. There were repeated deviations from this plan depriving Plaintiff of adequate support and decreasing her likelihood of success.

Defendant failed to adhere to the Section 504 Student Service Plan by failing to enter major grades into "gradespeed" within a week of the date of administration, checking for Plaintiff's understanding and spot-checking Plaintiff's math work with explanatory feedback.

Plaintiff, represented by her mother Tyishka McDavid, attended several 504 meetings, where she expressed her concerns with Defendant's lack of compliance with Plaintiff's service plan; yet no meaningful action was taken.

Plaintiff's transcript was compromised due to the fault of administrators of DeBakey. While Westbury withheld her final grades for a bit of time, DeBakey High School was made fully aware of her success and completion of 9th Grade Algebra I, Spanish I and IPC at Westbury Christian School. Plaintiff has requested that these grades be removed accordingly.

Plaintiff has further requested that grades administered in violation of Plaintiff's 504 service plan be amended. Despite Plaintiff's exceptional work ethic, her current transcripts

reflect improper grades that damage her chances for acceptance into colleges of her choice where she would otherwise be an ideal candidate.

## ARGUMENT AND AUTHORITIES

### I. The Court has subject matter jurisdiction over Plaintiff's grading dispute.

Defendant has cited Section 28.014(a) of the Texas Education Code stating that "a course grade issued by a classroom teacher is final and may not be changed unless the grade is arbitrary, erroneous, or not consistent with the school district grading policy applicable to the grade, as determined by the board of trustees..." Defendant further states, "the only reasons for changing a student's grade after it has been recorded are: if there was an error in the computation of the student's grade; or if an error was made entering grades into the teacher's grade book…"

Defendant has made an error in the computation of Plaintiff's grades earned at Westbury Christian School. Yet, Defendant made no efforts to correct this error. Defendant's failure to fairly remedy this issue has prompted Plaintiff to seek court intervention. This issue has yet to be heard by this Court.

A suit "arises under the law that creates the cause of action." *American Well Works v. Layne*, 241 U.S. 257, 260 (1916). Plaintiff has also asserted claims of improper grades due to disability discrimination based on Defendant's violations of rights of Section 504 of the Rehabilitation Act and the Americans with Disabilities Act. These claims arise under federal law giving this court subject matter jurisdiction over Plaintiff's cause of action.

Moreover, this case was removed to this Court on Defendant's motion. If Defendant insists that jurisdiction is improper, removal should not have been sought. This seems to be an attempt to cause delay and waste the resources and time of Plaintiff and this Court.

## II. Plaintiff asserts a valid claim of disability discrimination based on violations of rights of Section 504 of the Rehabilitation Act and the Americans with Disabilities Act.

*A. Legal standards governing disability-related claims.*

Section 504 of the Americans with Disabilities Act provides that "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Through meetings with the administration and staff at HISD and Plaintiff's mother, Tsydea McDavid was approved to receive 504 accommodations at DeBakey High School. Although these facts hold true, none of the teachers at DeBakey provided Tsydea with her applicable 504 accommodations. Specifically, the teachers in the courses in which Tsydea received grades for "duplicate" courses did not provide her with any accommodation, thus, violating Section 504 of the Americans with Disabilities Act. Following Board Policy Guidelines and mandates, Tsydea McDavid exhausted her remedies with HISD by attending hearings with the District. Unfortunately, by the time she went through the grievance process with the district, she was too late when she tried to seek recourse through the Office of Civil Rights of the Department of Education. Defendant's process limited Plaintiff's ability to seek recourse with the Department of Education (OCR). Therefore, this motion to dismiss should be denied.

*B. Plaintiff has been denied the benefits of her 504 accommodations and is therefore entitled to relief.*

Tsydea McDavid was denied the benefits of her 504 accommodations and is therefore entitled to relief. First, Tsydea McDavid teachers, namely, the teachers who gave her grades in her "duplicate courses" failed to provide 504 based accommodations which include but are not

limited to: preferential seating, timely feedback on tests to provide opportunity for growth, etc. Even if Defendant alleges that these accommodations were given, they were not properly recorded, thus, no documentation of any accommodations exists. Plaintiff can show that no documentation of Tsydea's accommodation existed until after Tsydea's mother pursued legal action.

Therefore, Plaintiff makes the argument that even if the duplicate courses remain, the grades themselves are incorrect because they were given without Tsydea receiving the proper documentation.

**III. HISD has waived immunity by removing the case to federal court**.

Defendant has voluntarily removed this case to federal court. Defendant has waived sovereign immunity by removing this case to federal court and affirmatively litigating this case. *Meyers ex rel Benzing s*, 410 F.3d at 241. By doing so, Defendant has consented to this Court's jurisdiction.

In *Meyers*, Plaintiffs brought a suit against the State of Texas and the Texas Department of Transportation alleging that the state's fee-based parking placard program violated the Americans with Disabilities Act. *Meyers*, F.3d at 239. Texas removed the case to federal court. Texas then moved to dismiss the case on grounds of sovereign immunity. *Id*. The district court held that Texas was privileged to immunity from suit under the Eleventh Amendment and dismissed plaintiff's claims. *Id*. The Fifth Circuit reversed the district court's decision, holding that Texas waived immunity from suit by removing the case. Regardless of whether referred to as sovereign immunity or governmental immunity, that immunity was waived when the school district voluntarily invoked this Court's jurisdiction. See *Meyers*, 410 F.3d at 241. The Fifth Circuit customarily recognizes the "voluntary invocation" doctrine. See, e.g., id. at 249;

*Anderson v. Jackson State Univ.*, 675 Fed. Appx. 461, 463 (5th Cir. 2017); *Carty v. State Office of Risk Mgmt.*, 733 F.3d 550, 554 (5th Cir. 2013). Voluntary invocation results in waiver through invocation of federal court jurisdiction and "applies generally in all cases for the sake of consistency, in order to prevent and ward off all actual and potential unfairness, whether egregious or seemingly innocuous." *Meyers*, 410 F.3d at 249.

Hence, HISD cannot now evade this Court's jurisdiction and have the case dismissed by asserting the immunity it voluntarily relinquished. See *Meyers*, 410 F.3d at 249. Allowing HISD "to both invoke federal jurisdiction and claim immunity from federal suit in the same case . . . [would] generate seriously unfair results." See *id*.

**IV. Plaintiff is entitled to injunctive relief.**

A party seeking a preliminary injunction must establish: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *See* 445 F.3d 396, 399-400.

Plaintiff is likely to recover from Defendant after a trial on the merits. Texas Education Code § 28.0214 states that "an examination or course grade issued by a classroom teacher is final and may not be changed unless the grade is arbitrary, erroneous, or not consistent with the school district grading policy applicable to the grade, as determined by the board of trustees of the school district in which the teacher is employed." In this case, the duplicate courses issued by DeBakey are both arbitrary and erroneous. The grades distributed by Westbury Christian School were appropriate and correct and should be reflected as such. Furthermore, Defendant's failure to adhere to Plaintiff's 504 Student Service Plan is a clear violation of Plaintiff's rights under

Section 504 of the Rehabilitation Act and the Americans with Disabilities Act. Plaintiff, as a high school senior, has begun to apply for colleges in attempts to further her education. The grant of Plaintiff's request for injunctive relief would only serve the public interest by fostering this furtherance of education in like students. Plaintiff has met all required elements for preliminary injunction.

## CONCLUSION

The facts alleged in Plaintiff's complaint state a plausible claim for relief and should not be dismissed for lack of jurisdiction or a failure to state a claim for which relief can be granted. Plaintiff prays that this Court deny Defendant's Motion to Dismiss.

Respectfully submitted,

RMH Law Firm PLLC
800 Town and Country
Suite 500
Houston, TX 77024

________________________________
Staci Childs
Attorney for Tsydea McDavid
Bar no: 24115465
Phone: (281) 713-3371
Fax: (346) 770-2823
Email: attorneystacichilds@gmail.com

________________________________
Randall Belt-Spencer
Attorney for Tsydea McDavid

Bar no: 24116092
Phone: (346) 236-4413
Fax: (346) 770-2823
Email: rmhlawfirm@gmail.com

**Certificate of Service**

I certify that a true copy of this document was served on all parties either by electronic means for CM/ECF system users or by first class mail on May 21, 2021.

_______________________________
Staci Childs
Attorney for Plaintiff

_______________________________
Randall Belt-Spencer
Attorney for Plaintiff