IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TSYDEA MCDAVID, Plaintiff** | § | |
| | § | |
| VS. | § | CASE NO. 4:21-CV-00993 |
| | § | |
| **HOUSTON INDEPENDENT SCHOOL DISTRICT, Defendant** | § | |
| | § | |

**PLAINTIFF'S AMENDED COMPLAINT**

*RMH Law Firm, PLLC. 800 Town and Country Blvd. Suite 500 Houston, Texas 77024*
*346-236-4413 rmhlawfirm@gmail.com*

*Tsydea McDavid is a recent graduate and former student of the Houston Independent School District ("Houston ISD") and files this Original Complaint against Houston ISD respectfully states as follows:*

I.

*PRELIMINARY STATEMENT*

Plaintiff, Tsydea McDavid, is a former student of Houston ISD and was admitted into the magnet program at Michael E. DeBakey High School. Tsydea suffers from anxiety, mild depression, and post-traumatic stress disorder. While at DeBakey, she was granted 504 accommodations per the recommendations of her therapist and through the administration of DeBakey High School. These 504 accommodations were intended to improve her educational experience and make her educational outcomes equal to her counterparts.

On numerous occasions, DeBakey High School failed to provide Plaintiff with her 504 accommodations, violating Section 504 of the Rehabilitation Act ("Section 504").

As a result of Houston ISD's failure to provide Plaintiff with her accommodations, she failed classes. As a result of her failing classes, DeBakey High School dismissed her from the magnet program. They did so ***without providing Plaintiff with written notice***, which is **required** according to Houston ISD's District Board Policy.

Houston ISD's disregard to her special needs and failure to provide her 504 accommodations were the direct cause of Plaintiff's failure in three courses resulting in her dismissal from the magnet program. *See* Exhibit 1

Due to Houston ISD's violation of Section 504 of the Rehabilitation Act, Plaintiff had to switch schools, retake classes unnecessarily, lose friendships, enroll into counseling, incur an astronomical amount of medical bills, and miss out on her top choice colleges and scholarship opportunities and as a result, incur a huge increase in her future college tuition.  Houston ISD's failure to abide by the law has thwarted Plaintiff's educational outcomes in high school and beyond.

II.

### PARTIES

1. Plaintiff Tsydea McDavid is a resident of Houston, Harris County, Texas.  Plaintiff is a recent graduate and former student of Houston ISD.  This original complaint was brought forth while Plaintiff was a current student in the District.

2. Defendant Houston ISD is a political subdivision of the State of Texas with its administrative offices at 4400 W 18th Street Houston, Texas 77098, where it may be served with process through its General Counsel, Ms. Catosha Woods.

III.

### JURISDICTION & VENUE

3. This Court has jurisdiction over this proceeding pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(A), Section 504, 29 U.S.C. § 701, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

IV.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On January 15, 2019, Plaintiff, by and through her parent, Tyishka McDavid, filed a Level One Grievance in accordance with District Board Policies, based on her teachers' failure to take actions set out in Plaintiff's tailored 504 plan resulting in failing grades. On February 15, 2019, Plaintiff's Level One Grievance was denied and no action was taken. Plaintiff subsequently appealed that determination to a Level Two Grievance which was denied on June 6, 2019. Plaintiff again appealed to a Level Three Grievance which was denied on January 23, 2020. Thus, Plaintiff has done all she can to exhaust her administrative remedies.  While the underlying case was pending, Plaintiff filed a claim against Houston ISD with the Texas Education Agency

(TEA).  She was unsuccessful due to TEA's one-year statute of limitations rule on filing special education complaints.

V.

**FACTS APPLICABLE TO ALL COUNTS**

6. Plaintiff is a recent high school graduate of Bellaire High School and former attendee of Michael E. DeBakey High School ("DeBakey ") within the Houston ISD. Plaintiff attended DeBakey from August 2017 to May 2019. On or around May 2018, Houston ISD determined Plaintiff was eligible to receive accommodations because of her diagnosis of anxiety and mild depression. These accommodations were deduced to writing in Plaintiff's Section 504 Student Service Plan. *see* Exhibit 2.

7. Plaintiff's Section 504 Student Service Plan provided that Plaintiff's instructional materials are to be printed in 12 point font. However, Plaintiff's Geometry workbook assignments were not printed in the required font size. Instead, these assignments were printed out in font so small that Plaintiff could not read it and induced further anxiety when she attempted to complete the assignments, diminishing her opportunity for success.

8. In Plaintiff's Section 504 Student Service Plan, it states that notes will be available through the HUB for student review. No notes were ever provided in the HUB for student review during the 2018-2019 school year.

9. Per Plaintiff's Section 504 Student Service Plan, teachers were to refrain from the use of sarcasm. Throughout several emails, Matthew Blagg, her Geometry teacher, explained that he would "give Plaintiff her test "one page at a time'--making her walk back and forth from room to room to get the next page of the test.  Mr. Blagg made her do this even though her diagnosis of anxiety clearly indicated that it is induced by pacing. Assistant Principal, Raul Saldivar, would make the comment, "you know you're really not 504, I guess I have to go make another test for you." These comments were taken by Plaintiff as extremely sarcastic, and made her feel less than compared to her counterparts and caused her to feel depressed.

10. Plaintiff was allowed by her Section 504 Student Service Plan the option to record classroom lectures. However, Raul Saldivar sent an email specifically disallowing Plaintiff to record in the classroom.

11. Teachers were to also enter major grades into gradespeed within a week of the date of administration in accordance with Plaintiff's Section 504 Student Service Plan. DeBakey High School failed to provide Tsydea with a progress report for Cycle I, for the period of August 27, 2018 through September 14, 2018.

Matthew Blagg failed to provide notification of a required parent conference due to the student having a grade that was 69 or below and only provided one homework assignment for a five week cycle during the Cycle I period (August 27, 2018-October 5, 2018).

DeBakey High School again failed to produce a progress report for Cycle II for the dates of October 8, 2018 through November 9, 2018.

Plaintiff failed Algebra II(a) for Cycle I and Cycle II, after Tsydea's mother requested progress reports from Cycle I and Cycle 2 on the following dates: October 31, 2018, November 14, 2018, November 26, 2018, December 4, 2018, and December 13, 2018. These progress reports would have helped Tsydea and her mother work on improving what was necessary before the report cards came out.

In a November 26, 2018 meeting with Raul Saldivar and Matthew Blagg, Mr. Blagg admits that he "dropped the ball" and forgot to send a progress report stating, "I'm new."

Matthew Blagg failed to upload grades for weekly Cycles I, II, and III. Matthew Blagg also failed to provide notification of a required parent conference due to the student having a grade that was 69 or below. Cycle II quizzes for Mr. Blagg's class was not returned until after the cycle was complete. MathXL assignments were then discontinued for the semester which derailed another opportunity for Plaintiff to get spot checks for understanding in her Geometry class.

In a December 4, 2018 conference, Ms. Agnes Perry, Principal of DeBakey High School stated that she "will need to investigate" why no progress reports were sent out, but no action was taken. This inaction on the part of Houston ISD and DeBakey High School took place even though Plaintiff's 504 accommodation clearly indicates that her grades should constantly be put in the system so that she can spot check for understanding.

12. Teachers were to also check for Plaintiff's understanding and spot check Student's math work with explanatory feedback in accordance with her Section 504 Student Service Plan.

Matthew Blagg, Plaintiff's Geometry teacher, refused to grade a 100-problem math homework packet in preparation for exams. He also stated in a parent-teacher meeting on November 27, 2018 that the no longer requires students to turn in the show your work page with assignments because "that's too much to grade".

During this 2018-2019 school year, Matthew Blagg admitted to not covering Geometry section 8.6, yet he told the students that section 8.6 would be covered on the exam. This in fact was one of the tests that Plaintiff failed. He failed to provide corrective handwritten feedback on Tsydea's MathXL assignments, to grade handwritten homework so that Plaintiff could adequately prepare for the exam.

Dean Bernice Shargey stated in a 504 meeting on December 4, 2018, that they decided as a math department that they were no longer checking homework since "it's just practice."

13. Plaintiff's Section 504 Student Service Plan further provided that Plaintiff was to receive extended time (.5) for all approved standardized testing and for classroom testing. Matthew Blagg decided on October 31, 2018 to give Plaintiff three days to complete nine assignments by Saturday, November 3, 2018 at midnight.

Additionally, Plaintiff was required to walk continuously to the next room to turn in one page of her Geometry and Algebra II tests at a time and to retrieve the subsequent pages one page at a time. This requirement to receive only one page of testing at a time was not a part of Plaintiff's accommodations and reduced the amount of additional time she was allotted by her service plan.

14. According to Plaintiff as noted in her affidavit "[T]he counselors were not of much help either. My counselor, Mrs. Bilette, said she would help me schedule retake test times and help ensure that my accommodations would be met, but when I would try to go to her office or communicate with her via email, she would be unavailable or not respond, so she was of no help." Her accommodations indicated that she was allowed time to meet directly with the school counselor when necessary. *See* Exhibit 3.

These discriminatory practices and the denial of explicit rights set forth in Plaintiff's Section 504 Student Service Plan further induced her anxiety and ultimately led to Plaintiff's failure of the courses.

VI.

*CAUSE OF ACTION:*

**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

15. Plaintiff incorporates the above numbered paragraphs as if fully set forth herein.

16. Houston ISD is liable under Section 504 of the Rehabilitation Act if Plaintiff can show that (1) it received federal financial assistance; (2) Plaintiff is an intended beneficiary; and (3) Plaintiff is a qualified handicapped person who solely by reason of his handicap has been the subject of discrimination under such program. See *Mellon v. Dallas Area Rapid Transit*, 391 F.3e 669 (5th Cir. 2004).

17. Houston ISD receives federal funds to provide a free appropriate public education to students who qualify as a student with a disability. Plaintiff has qualified as a student with a disability. Thus, the first two elements of a claim under Section 504 are satisfied.

18. The third element of a claim under Section 504 requires that Plaintiff have been discriminated against in the provision of a free appropriate public education by reason of her disability. If Plaintiff would have received her proper accommodations in accordance with her Section 504 Student Service Plan absent discriminatory practices, she would have been successful in her courses and maintained her position in the DeBakey magnet program. Plaintiff

was made to take actions that were not within standard protocol nor was it required by her service plan and was denied several of the accommodations that were in fact required by her service plan. These actions by Houston ISD are undeniably discriminatory.

19. Section 504 restricts Houston ISD from discriminating against Tsydea in not providing her an education that purports to her 504 accommodations. Plaintiff seeks a finding and a declaratory judgment that Houston ISD failed to provide Tsydea McDavid with her accommodations; resulting in her failure of multiple classes and that these actions violated Section 504 of the Rehabilitation Act.

20. Plaintiff is also entitled to recover reasonable attorneys' fees under Section 504 (29 USC § 794a(b).

21. Plaintiff is also entitled to recover her damages under Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq).

## VII.

### *JURY DEMAND*

22. Plaintiff demands a trial by jury on his claim for violation of Section 504.

## VIII.

### *PRAYER*

Plaintiff requests that the Court award the following relief against Defendant as may be appropriate:

(1) A declaration that Houston ISD violated Section 504 of the Rehabilitation Act by not affording her legally-required accommodations while in class, completing assignments, taking tests, and during her overall educational experience;

(2) A declaration that Tsydea McDavid's failure of Algebra II, Geometry, and IPC were based on a inadequate education on behalf of DeBakey High School;

(3) Tsydea McDavid's damages which exceeded but are not limited to $250,000 based on pain and suffering, medical bills, loss of scholarship opportunities, denial of college choices, and an increase in future college tuition;

(5) Attorneys' fees;

(6) Costs of court; and

(7) All other relief to which Plaintiff is justly entitled.

*Respectfully submitted,*

Staci Danielle Childs
ATTORNEY FOR TSYDEA MCDAVID
RMH Law Firm, PLLC
800 Town and Country Blvd. Suite 500
Houston, Texas 77024
SBN: 24115465
attorneystacichilds@gmail.com
281-713-3371


Randall Belt-Spencer
ATTORNEY FOR TSYDEA MCDAVID
RMH Law Firm, PLLC.
800 Town and Country Blvd. Suite 500
Houston, Texas 77024
SBN: 24116092
rmhlawfirm@gmail.com
346-236-4413

# EXHIBIT 1





# EXHIBIT 2

Houston Independent School District
Debakey HS For Health Profess
3100 Shenandoah St
Houston, TX 77021
Phone: (713) 741-2410 Fax: [SchoolFax]

Student Name: Tsydea Dawn McDavid-Anderson          Student ID: 1974338

**Section 504 Student Service Plan**

## Section 504 Accommodations

Reasonable Accommodations Necessary for the Child to be Successful in the General Education Curriculum

### Physical Environment
- Preferential seating as determined by student and teacher / Instructional Environments

### Instructional Materials
- Use of phone for taking picture of homework assignments / All instructional arrangements
- May check out a hard copy of any available text book - / All instructional arrangements
- Instructional materials will be printed in 12 point font / All instructional arrangements
- May record lectures / All instructional arrangements
- Notes will be available through the HUB for student review / All instructional arrangements

### Instructional Methods
- Teachers will refrain from the use of sarcasm / All instructional arrangements
- Teaschers will enter major grades into gradespeed within a week of the date of adminitration. / All instructional arrangements
- Check for understanding / All instrctional arrangements
- Spot check math work with written explanatory feedback / Math classes
- Notes will be available on HUB for student review / All classes

### Assignments/Homework
- Extended time by one class day for homework without grade penalty / All instructional settings

### Testing
- Extended time for all approved standardized testing (by .5) / All instructional settings
- Small group testing for standardized test / All standardized assessments
- When necessary student may have testing supervised individually by a counselor. / Testing situations
- Extended time (.5) for classroom testing / Classroom tests

### Behavior
- Student may be permitted to report to the clinic and/or counselor's office when needed / All instructional arrangements

# EXHIBIT 3

STATE OF TEXAS

JUNE 25, 2021

**PLAINTIFF'S SWORN AFFIDAVIT**

When I got to DeBakey, I knew there would be a shift from middle school to high school, but I did not expect to be met with inadequate teaching, both mental and physical health changes, and teachers and administrators who were completely insensitive to students with unseen disabilities. I developed severe situational anxiety and depression. Because I could not get my anxiety and depression under control, my health declined. I had severe abdominal, back and chest pains, and none of the specialists I went to could pinpoint what exactly was wrong with me internally, meaning that they also could not prescribe the correct medication. I can only do my best to convey how this affected my schoolwork in that I was extremely discouraged with the state of my physical and mental health, and that schoolwork and dealing with unresponsive teachers just made matters worse. The nurse did not take me seriously and told me that my abdominal pains were not realistic, that I could not possibly be nauseous because "my color was fine", that my anxiety was "all in my head" and that I needed to "just calm down," and that "I only came to the nurses office to get out of taking my tests," instead of acknowledging that my originally diagnosed situational anxiety, had manifested itself into every aspect of my life and was now affecting my physical health. This anxiety and depression brought severe emotional distress, that was now in every aspect of my life, not just school. When I tried to explain how I felt, and how my anxiety was affecting my work ethic and my grades, I was met with sarcasm and inconsideration, which only heightened my anxiety even more. I was able to get 504 accommodations in the late spring of 2018 shortly before the end of the year, but I honestly did not feel that this helped me gain any respect from my teachers for my mental health. If anything,

I felt viewed as defective and like both Principal Perry and my other teachers had been proven correct in saying that "maybe DeBakey just is not the school for me." The lack of accountability and change of action was truly repulsive. I failed one part of Algebra 1 so I had to take summer school classes, which felt extremely unfair being that DeBakey already had proof that I had taken, and done well in, all three of my high school classes at Westbury Christian so I never should have taken those classes for a second time to begin with. In my sophomore year, this situation with DeBakey just worsened. I got the same teacher for both my Geometry and Algebra 2 classes (Mr.Blagg). He proved multiple times to not only be unsure of the material he was teaching, but that he was also not respecting my 504 accommodations. I was able to go on to part B of Geometry because I had a 66, which was the requirement to do full course averaging. I went to tutoring with an outside tutor not provided by the school, came back for my quiz, made a 92 which was the highest grade in the class on that quiz, and then he asked me if I had cheated. I felt completely disrespected and just in total disbelief that he would even ask me such a thing, instead of congratulating me for going and getting additional help that would better aid my anxiety in an assessment-style situation, and for doing well on the quiz. It's as if he, along with other teachers and administrators at DeBakey, thought that because I had a history with anxiety, that that was all I would amount to in the future, and that I could only replicate poor grades in their classes (common thread being their classes and unchanged teaching styles). I was not the only student doing poorly in math and science classes (Geometry, Chemistry, and Algebra 2) during my sophomore year, so for all the blame to be placed on myself and my anxiety was highly inappropriate. The counselors were not of much help either. My counselor, Mrs.Bilette, said she would help me schedule retake test times and help ensure that my accommodations would be met, but when I would try to go to her office or communicate with

her via email, she would be unavailable or not respond, so she was of no help. For the Credit Recovery trailer course for Algebra 2A, I requested to be moved to Mrs.Jafferali's class because I did not see any reason for me to sit in a class under the same teacher that I did not pass the first semester with. While Mrs.Jafferali was an improvement of a teacher and was verbally more respectful of my anxiety, she (along with Mr.Blagg) gave me my tests one page at a time, which heightened my anxiety significantly because I had to finish all the questions on that page before I could move on with my test. Any good teacher knows that it is a basic test taking skill for a student to skip the question(s) they are having a difficult time with and then come back to try them again later. By doing this, I was stressed because I could not move on "because I had already seen questions from the DeBakey test question bank" and I was using up time that should have been able to be allotted to the other questions on my tests and quizzes. It was a violation of my rights as a student and my 504. I did not pass Geometry part B, Chemistry part B, and I had to take Algebra 2 part B, so I had to take all of those in summer school. I passed all three courses with high A's (94 in Chemistry B, 98 in Chemistry B, and 95 in Geometry B), which totally fulfilled the whole course averaging requirement to be able to return the following fall semester, but Principal Perry notified my mother that I was not allowed to come back because I had not met my growth plan requirements, when in fact I had. This was extremely unfair because many students whom I know personally did worse (numerically) in summer school than I did and were still allowed to return in the fall. At this point, we sought legal advice and tried to pursue a case against DeBakey for wrongful termination of my magnet contract so that I would be able to return in the fall. But because this was all unsettled, I was left in limbo the entire summer, stressed and anxious once again because I did not know where I would be going to school in the fall. In addition to that, DeBakey had not given me all my credits for my summer classes, or my

DocuSign Envelope ID: 2560DF1B-5C15-457D-BE0A-0E72000DFE4E

duplicate classes that I had taken in middle school (Algebra 1, Spanish 1, and IPC), meaning that there was a risk of me having to retake these classes at Bellaire (where I ended up going in the fall of 2019) and my GPA was inaccurate, and still is to this day. The entire summer I was stressed and anxious, and I wasn't even enrolled at DeBakey anymore; the DeBakey effect. I spent my junior year working twice as hard to raise my GPA to ensure that it was the correct GPA required to get into colleges I was now looking at; these colleges were never the original ones I intended to apply to, but I now had to reevaluate which colleges were within my (inaccurate) GPA range. The summer going into my senior year I was extremely stressed and anxious because I really did not think I would be accepted into any colleges I would enjoy, and I was having to come to the realization that I needed to take all AP classes my senior year to compensate for my GPA being so low, so that I could raise it enough to hopefully get accepted. Not one summer of my whole high school career has been my own because of my struggle at DeBakey. It is now two years since I have been at DeBakey and I am still being haunted by the inaccuracies and violations of my rights as a student with a 504 at that school, and I have not yet been met with any certainty about my academic future as a student.

*Tsydea McDavid*
Tsydea McDavid

**STATE OF TEXAS** §
**COUNTY OF HARRIS** §

SUBSCRIBED AND SWORN TO before me on June 25, 2021.

_____
Notary Public



Shametra Danielle Coleman
My Commission Expires
09/03/2024
ID No. 132659853