United States District Court
Southern District of Texas
**ENTERED**
October 05, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TSYDEA MCDAVID, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>HOUSTON INDEPENDENT SCHOOL §<br>DISTRICT, §<br>§<br>Defendant. § | CIVIL ACTION NO. H-21-993 |

### MEMORANDUM AND OPINION

This case began as a high school grade dispute. Tsydea McDavid was a student at Debakey High School, a magnet school in Houston, when she sued the Houston Independent School District, alleging that she had improperly received poor or failing grades in several courses and that the district had failed to accommodate her needs under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The court dismissed McDavid's grade dispute claim and request for injunctive relief, with prejudice, but granted leave to file an amended complaint as to the failure-to-accommodate claim. (Docket Entry No. 9). McDavid filed an amended complaint, alleging that she was granted Section 504 accommodations for anxiety and mild depression while she was a student at Debakey High School, but the school and its teachers failed to implement all the accommodations specified in her Section 504 Services Plan, such as printing out instructional materials in 12-point font. (Docket Entry No. 10 at ¶¶ 6–14). McDavid alleges that because she did not receive all the accommodations specified under her plan, she failed three courses, was dismissed from Debakey, incurred medical bills, did not get into her top choice for

college, and lost an unspecified scholarship opportunity. (*Id.* at 2). There is a happy ending; McDavid is a college student at the University of Hawaii.

McDavid seeks a declaratory judgment that the District violated Section 504 and that the Section 504 violation caused her to receive failing grades in several classes. (*Id.* at 6). She also seeks over $250,000 in damages for pain and suffering, medical bills, loss of scholarship opportunities, denial of her top college choice, and attorney's fees and court costs.[1] (*Id.* at 6–7).

The District has moved to dismiss the amended complaint, McDavid has responded, and the District has replied. (Docket Entry Nos. 11, 12, 13). Based on the amended complaint; the motion, response, and reply; and the applicable law, the court grants the motion to dismiss. Because further amendments would be futile, the dismissal is with prejudice. Final judgment is to be entered by separate order. The reasons are explained below.

I.  **The Legal Standard for a Motion to Dismiss**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim

---

[1] The District argues that McDavid cannot request money damages "under Title VI of the Civil Rights Act of 1964," as she does in her amended complaint. (*See* Docket Entry No. 10 at ¶ 21). McDavid's request is permissible. As the Fifth Circuit has explained, "[t]he remedies for a [§] 504 violation are those

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

## II. Analysis

The District argues that McDavid has failed to plead a claim under Section 504 because her complaint does not allege facts supporting a reasonable inference that the District intentionally discriminated against her. McDavid disagrees, arguing that repeated failures to

---

remedies set forth in Title VI of the Civil Rights Act of 1964." *Marvin H. v. Austin Indep. Sch. Dist.*, 714 F.2d 1348, 1356 (5th Cir. 1983).

implement her Section 504 plan support an inference that the District acted with at least deliberate indifference, if not intent to discriminate.

Section 504 of the Rehabilitation Act provides that: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). "[C]ourts have interpreted § 504 as demanding certain 'reasonable' modifications to existing practices in order to 'accommodate' persons with disabilities." *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 749 (2017) (citing *Alexander v. Choate*, 469 U.S. 287, 299–300 (1985)). To prevent dismissal of a Section 504 claim, "a plaintiff must allege sufficient facts to show: '(1) that [s]he is a qualified individual . . . ; (2) that [s]he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of [her] disability.'" *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 417 (5th Cir. 2021). "[A] public entity may be held vicariously liable for the acts of its employees under [Section 504]." *Id.*

Evidence of intentional discrimination is necessary to support a claim for monetary damages. *See Miraglia v. Bd. of Supervisors La. State Museum*, 901 F.3d 565, 574 (5th Cir. 2018). The Fifth Circuit "has hesitated to 'delineate the precise contours' of the standard for showing intentionality," *Cadena v. El Paso Cty.*, 946 F.3d 717, 724 (5th Cir. 2020) (quoting *Miraglia*, 901 F.3d at 575), "[b]ut the cases to have touched on the issue require something more than deliberate indifference, despite most other circuits defining the requirement as equivalent to deliberate indifference." *Id.* (citations and internal quotations omitted).

McDavid seeks a declaratory judgment and money damages for the District's alleged Section 504 violations. To the extent she seeks declaratory relief, her claim is moot because the alleged violations have occurred, ended, and cannot happen again because McDavid has graduated and is no longer a student of the District. *See Citizen Action Fund v. City of Morgan City*, 154 F.3d 211, 217 (5th Cir. 1998), *withdrawn on other grounds*, 172 F.3d 923 (5th Cir. 1999) ("In order to grant declaratory relief, there must be an actual, ongoing controversy."); *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017) ("[A] declaratory judgment merely adjudicating past violations of federal law—as opposed to continuing or future violations of federal law—is not an appropriate exercise of federal jurisdiction."). Because all that remains is McDavid's claim for money damages, the allegations in her complaint must support an inference that her teachers at Debakey High School failed to implement McDavid's Section 504 plan with the intent to discriminate against her.

"Facts creating an inference of professional bad faith or gross misjudgment are necessary to substantiate a cause of action for intentional discrimination under § 504 . . . against a school district." *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 455 (5th Cir. 2010). Courts do not read Section 504 "as creating 'general tort liability for educational malpractice.'" *Id.* at 454. A failure to implement accommodations, without more, does not amount to professional bad faith or gross misjudgment. In *K.U. v. Alvin Indep. Sch. Dist.*, 166 F.3d 341, 1998 WL 912198 (5th Cir. 1998) (per curiam), K.U. was a high school student who alleged that his school district had failed to fully implement his accommodation plan under Section 504. *Id.* at *1. He alleged, for example, that teachers failed to properly notify his parents in accordance with his plan requirements and that a band director made comments about him being brain damaged. *Id.* The Fifth Circuit held that "a number of alleged incidents where K.U.'s teachers

did not fully comply with the plan" did not suggest that the school district "acted in bad faith or with gross misjudgment." *Id.* at *3. *Cf. S.C. v. Round Rock Indep. Sch. Dist.*, No. A-19-cv-1177-SH, 2021 WL 5351077, at *5 (W.D. Tex. Sept. 4, 2020) (allegations that a teacher asked a student to join a journalism class for the purpose of exploiting the student's disability were sufficient to support an inference of bad faith or gross misjudgment).

McDavid's amended complaint alleges that after she was diagnosed with anxiety and mild depression, the District provided her with Section 504 accommodations under a Section 504 Service Plan. (Docket Entry No. 10 at ¶ 6). The District Plan set out the reasonable accommodations that she was entitled to receive, including:

- "Instructional materials will be printed in 12 point font";
- "May record lectures";
- "Notes will be available through the HUB for student review";
- "Teachers will refrain from the use of sarcasm";
- "Teachers will enter major grades into gradespeed within a week of the date of administration";
- "Check for understanding";
- "Spot check math work with written explanatory feedback";
- "Extended time by one class day for homework without grade penalty";
- "Extended time for all approved standardized testing";
- "Extended time (.5) for classroom testing"; and
- "Student may be permitted to report to the client and/or counselor's office when needed."

(*Id.* at 12).

Taking the well-pleaded facts in McDavid's amended complaint and the properly considered attachments to be true, McDavid's teachers did not always implement her Section 504 Service Plan.  Her geometry and algebra teacher, Mr. Blagg, did not provide her with class assignments in 12-point font and gave her one page of her tests at a time, resulting in McDavid having to "walk back and forth from room to room to get the next page of the test."  (*Id.* at ¶¶ 7, 9, 13).  The Assistant Principal, Raul Saldivar, told McDavid, "you know you're really not 504, I guess I have to go make another test for you," and did not allow her to record her classroom lectures.  (*Id.* at ¶¶ 9, 10).  Notes were not available for her review through the HUB.  (*Id.* at ¶ 8).  Additionally, Mr. Blagg and Debakey failed on multiple occasions to provide progress reports within the time the Section 504 plan required.  (*Id.* at ¶ 11).  McDavid alleges that in certain instances, Mr. Blagg refused to provide her explanatory feedback or opportunities for spot checks of her work.  (*Id.* at ¶¶ 12, 13).  McDavid also alleges that her counselor was not always available or responsive to McDavid's requests to meet.  (*Id.* at ¶ 14).

If proven, the allegations in McDavid's amended complaint could show that Debakey High School and its teachers failed to adequately address her educational needs.  But the bulk of McDavid's allegations are focused on the failures of her geometry and algebra teacher, Mr. Blagg, who, McDavid alleges, admitted that he "dropped the ball," explained that he was "new," and, when McDavid asked him to grade a 100-problem math homework packet, stated "that's too much to grade."  (*Id.* at ¶¶ 11, 12).  These alleged comments do not support an inference that Mr. Blagg committed gross misjudgments or that he was acting in bad faith towards McDavid due to her disabilities.  And McDavid makes no allegations supporting inferences that Debakey or its other teachers and staff "depart[ed] grossly from accepted standards among educational professionals."  *D.A.*, 629 F.3d at 454–55.

In McDavid's response to the District's motion to dismiss her amended complaint, McDavid "further allege[s]" that this is a "Child Find Case" under the Individuals with Disabilities Education Act, which "requires that the Local Education Agency, [the District], provide services and evaluate any child that it knows or suspects has a disability." (Docket Entry No. 12 at 2). McDavid cannot use a response to a motion to dismiss as a backdoor to add allegations that she did not plead in her amended complaint. Although McDavid asserts in her amended complaint that the court has jurisdiction "pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(A)," (Docket Entry No. 10 at ¶ 3), McDavid alleges no facts showing that the District should have provided services to McDavid under the Individuals with Disabilities Education Act. The allegations in her amended complaint are focused on a few failures of Debakey High School teachers to implement all aspects of her Section 504 Service Plan. McDavid does not state a claim under the Individuals with Disabilities Education Act. Even if she did, the court would not have subject matter jurisdiction to hear the claim because she did not exhaust her administrative remedies as to that claim under the Individuals with Disabilities Education Act. *T.B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020) (citing §§ 1415(e), § 1415(l)). McDavid's amended complaint alleges only that she, by and through her parent, filed Level One, Two, and Three Grievances as required by District Board Policies as to specified denials of accommodation under her Section 504 plan. (Docket Entry No. 10 at 2–3).

McDavid has failed to state a claim for declaratory relief or money damages for the District's failure to implement her Section 504 plan, and her amended complaint does not state a claim under the Individuals with Disabilities Education Act. McDavid has no remaining claims.

**III.     Conclusion**

The District's motion to dismiss, (Docket Entry No. 11), is granted with prejudice. The court will enter final judgment separately.

SIGNED on October 5, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge